UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 5973

------------------------------------------------------------x
PAUL PERRY,

                Plaintiff,

    -against-

THE CITY OF NEW YORK; ABDIEL ANDERSON,
Individually and in His Official Capacity; DEXTER
POWERS, Individually and in His Official Capacity;
and JOHN/JANE DOES, Nos. 1-10, Individually and
in Their Official Capacities (Members of the New York
City Police Department Whose Names Are Presently
Unknown to Plaintiff),

                Defendants.
------------------------------------------------------------x

**COMPLAINT**

**Jury Trial Demanded**

ECF Case



      Plaintiff PAUL PERRY, by his attorney, Robert T. Perry, respectfully alleges as follows:

### NATURE OF ACTION

      1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

### JURISDICTION AND VENUE

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

      4.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

5. Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff PAUL PERRY is a resident of Bronx County in the State of New York.

7. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

8. Defendant ABDIEL ANDERSON (Shield No. 001429) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Anderson was a detective assigned to Narcotics Borough Bronx. Defendant Anderson is being sued in his individual and official capacities.

9. Defendant DEXTER POWERS (Shield No. 6200) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Powers was a detective assigned to Narcotics Borough Bronx. Defendant Powers is being sued in his individual and official capacities.

10. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual and official capacities.

11. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants

of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

12. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

13. Plaintiff is 61 years old. He has had diabetes since 1992. The disease has progressed to such a state that plaintiff now has poor circulation. He must walk with a cane.

14. On August 10, 2011, at approximately 1:00 p.m., plaintiff was walking with his cane on the sidewalk in the vicinity of Davidson Avenue and West Kingsbridge Road in the Bronx. Plaintiff was not engaged in and had not been engaged in any criminal activity. He was simply trying to get some exercise to keep his blood sugar low. Not feeling well, plaintiff was on his way home.

15. As plaintiff walked with his cane, he met an old acquaintance named Edward Torres. Plaintiff and Mr. Torres had not seen each other in some time. They briefly exchanged greetings. Plaintiff then resumed walking home with his cane.

16. A minute or so later, two plain clothes police officers exited an unmarked vehicle and took plaintiff and Mr. Torres into custody, without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense.

17. An officer pulled plaintiff's pants down to his knees and began patting him in his genital area in full view of passing motorists and pedestrians and on-looking shop keepers. No guns, drugs, or contraband were found on defendant's person or in his possession.

18. The officers put excessively tight handcuffs on plaintiff, exacerbating the numbness and tingling that plaintiff already felt in his hands from diabetes. Plaintiff told the officers about his poor circulation due to diabetes and asked them to loosen the handcuffs but they refused to do so.

19. Plaintiff was placed in the back of a van and driven around for awhile with other arrestees. It was a hot day. The van was not air conditioned. Plaintiff felt ill.

20. Plaintiff was eventually taken to the 52nd Precinct, where he was made to remove his clothes and squat for inspection of his anal cavity. The officers conducting the strip search of plaintiff had no probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense. No guns, drugs, or contraband were found on plaintiff's person or in his possession.

21. Plaintiff declined to request medical assistance only because an officer told him that would delay his arraignment.

22. In connection with plaintiff's arrest, officers filed a false and misleading report and made false and misleading statements regarding the circumstances of the arrest. As a result, the Bronx County District Attorney ("District Attorney") decided to prosecute plaintiff.

23. On August 11, 2011, plaintiff was arraigned in Bronx County Criminal Court and charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. Plaintiff pleaded not guilty and was released on his own recognizance, after more than 24 hours in custody.

24. On October 3, 2011, all charges against plaintiff were dismissed on motion of the District Attorney.

25. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation, deprivation of his liberty, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

26. Plaintiff repeats and realleges paragraphs "1" through "25" with the same force and effect as if they were fully set forth herein.

27. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

28. Plaintiff repeats and realleges paragraphs "1" through "27" with the same force and effect as if they were fully set forth herein.

29. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Unlawful Strip Search Claim Under 42 U.S.C. § 1983)

30. Plaintiff repeats and realleges paragraphs "1" through "29" with the same force and effect as if they were fully set forth herein.

31. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without probable cause or reasonable suspicion to believe that plaintiff had

committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF

#### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

32.     Plaintiff repeats and realleges paragraphs "1" through "31" with the same force and effect as if they were fully set forth herein.

33.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF

#### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

34.     Plaintiff repeats and realleges paragraphs "1" through "33" with the same force and effect as if they were fully set forth herein.

35.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having a realistic opportunity to do so, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### SIXTH CLAIM FOR RELIEF

#### (Municipal Liability Claim Under 42 U.S.C. § 1983)

36.     Plaintiff repeats and realleges paragraphs "1" through "35" with the same force and effect as if they were fully set forth herein.

37. The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

38. The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause, subjecting individuals to excessive force, and committing perjury.

39. The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in recent civil rights actions filed against the City:

   (1) **Angel Bonilla v. City of New York**, United States District Court, Eastern District of New York, 12 CV 3368;

   (2) **Ciara Caraballo v. City of New York**, United States District Court, Southern District of New York, 11 CV 8917;

   (3) **Michael Hemphill v. City of New York**, United States District Court, Southern District of New York, 11 CV 2160;

   (4) **Shelly Levy v. City of New York**, United States District Court, Southern District of New York, 11 CV 0227;

   (5) **Casimiro Medina v. City of New York**, United States District Court, Eastern District of New York, 10 CV 3158; and

   (6) **Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604.

40. The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

41. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

7

42. The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

43. The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A)   Compensatory damages in an amount to be determined at trial;

(B)   Punitive damages in an amount to be determined at trial;

(C)   Reasonable attorney's fees and costs of this litigation; and

(D)   Such other relief as this Court deems just and proper.

Dated:   Brooklyn, New York
         August 23, 2013

Respectfully submitted,

*Robert T. Perry*

ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PAUL PERRY,                                                    :
                                                               :
                                Plaintiff,             :
                                                               :
       -against-                                              :
                                                               :
THE CITY OF NEW YORK; ABDIEL ANDERSON,                         :
Individually and in His Official Capacity; DEXTER              :
POWERS, Individually and in His Official Capacity;             :
and JOHN/JANE DOES, Nos. 1-10, Individually and                :
in Their Official Capacities (Members of the New York          :
City Police Department Whose Names Are Presently               :
Unknown to Plaintiff),                                         :
                                                               :
                                Defendants.            :
------------------------------------------------------------------------x

## COMPLAINT

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*